**Reginald CLARK, Petitioner**

v.

**NATIONAL CREDIT UNION ADMINISTRATION BOARD, Respondent.**

**No. 14-1245 September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed: 07/19/2016

Reginald Clark, Washington, DC, Pro Se.

Jaynie Randall Lilley, Mark B. Stern, Attorney, U.S. Department of Justice (DOJ), Civil Division, Appellate Staff, Washington, DC, for Respondent.

BEFORE: Griffith, Srinivasan, and Millett, Circuit Judges

**JUDGMENT**

Per Curiam

This petition for review of an order of the National Credit Union Administration Board (the "Board") was considered on the briefs and appendix filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. Appointment of counsel is not warranted in this case. It is

**FURTHER ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner does not challenge the factual findings or legal conclusions in the Board's October 23, 2014 decision. With respect to his procedural challenges, petitioner has not shown that the Board's order continuing his hearing constitutes an amended rule triggering the notice and comment procedures of the Administrative Procedure Act, 5 U.S.C. § 553(b). The order was consistent with the Board's authority under the Federal Credit Union Act ("FCUA"), 12 U.S.C. § 1751 et seq., as well as its power under the existing rules to "direct the performance of . . . any act which could be done or ordered by the administrative law judge." 12 C.F.R. § 747.4; Cf. Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 100, 115 S.Ct. 1232, 131 L.Ed.2d 106 (1995) (notice and comment procedures are required where an agency adopts "a new position inconsistent with" an existing regulation, or "effects a substantive change in the regulation"). Furthermore, petitioner has failed to show that the Board's January 2, 2009 order was "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see 12 C.F.R. § 747.29(b)(1) (providing that par-

ties may move for summary disposition "at any time" during an adjudicatory proceeding).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.